**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HARRY ASHBY,**

    **Plaintiff,**

v.                                            Case No.  8:07-cv-898-T-30MSS

**NATIONAL FREIGHT, INC. and**
**BERNARD BROWN,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Bernard Brown's Motion to Dismiss Plaintiff's Complaint With Prejudice (Dkt. 13), and Plaintiff's response in opposition to the same (Dkt. 15).  Plaintiff's Complaint seeks relief for unpaid overtime compensation under the Fair Labor Standards Act (**"FLSA"**) against National Freight, Inc. (**"NFI"**), and Bernard Brown, individually.  Defendant Brown argues Plaintiff has failed to allege he exercised supervisory or operational control over employee work schedules, payment methods, or compensation.  Accordingly, Brown argues that he is not an "employer" as defined under the FLSA and should be dismissed from this lawsuit.

The FLSA defines "employer" as:

> any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C.A. § 203(d).  In <u>Patel v. Wargo</u>, 803 F.2d 632, 638 (11th Cir. 1986), the Eleventh Circuit held that in order to be personally liable under the FLSA, an officer of a corporation "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  Liability as an "employer" under the FLSA cannot be imposed on a corporate officer who lacks such operational control.  <u>Id.</u>  An officer who does not direct the day-to-day operations, does not set employee schedules, does not hire or fire employees, and does not determine compensation lacks the necessary operational control required by the FLSA.  <u>Escobar v. Orlando Brewing Partners, Inc.</u>, 2005 WL 3288749, *2 (M.D. Fla. Dec. 5, 2005).

     Plaintiff's Complaint refers to Brown and NFI collectively as "Defendants."  However, Plaintiff has not indicated that Brown was a corporate officer of NFI, or that he held a supervisory or managerial position with the company.  Plaintiff has not alleged what level of operational control or authority, if any, Brown had over Plaintiff's compensation, schedule, or workload.  Moreover, Plaintiff has not alleged whether Brown acted directly or indirectly in the interest of NFI with respect to Plaintiff's employment.  Accordingly, Plaintiff has failed to allege sufficient facts to impose liability on Brown as an "employer" under the FLSA.  The Court concludes that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Bernard Brown's Motion to Dismiss Plaintiff's Complaint With Prejudice (Dkt. 13) is **GRANTED** in part and **DENIED** in part as set forth herein.

2. Count I of Plaintiff's Complaint is hereby **DISMISSED** without prejudice as to Bernard Brown.

3. Plaintiff has twenty (20) days to amend its Complaint to state what authority or control, if any, Brown exercised over Plaintiff's employment.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-898.mtd.frm